**Barbara RUSSELL, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART,\* Commissioner of Social Security, Defendant–Appellee.**

**No. 01–35667.**
**D.C. No. CV–00–05608–JKA.**

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002.\*\*

Decided April 17, 2002.

---

\* Jo Anne B. Barnhart is substituted for Kenneth S. Apfel, Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument, and denies claimant's request. *See* Fed. R.App. P. 34(a)(2).

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

### MEMORANDUM****

Barbara Russell appeals the district court's judgment affirming the Commissioner of Social Security's ("Commissioner") denial of her application for Supplemental Security Income. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment and uphold the Commissioner's decision if it is supported by substantial evidence and free of legal error. *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir.1998). We affirm.

The ALJ provided specific and cogent reasons, supported by substantial evidence in the record, for rejecting claimant's subjective complaints of limitations. *See Flaten v. Sec'y of Health & Human Servs.,* 44 F.3d 1453, 1464 (9th Cir.1995).

The ALJ properly discredited the reports of Dr. Trowbridge and Dr. Neims because their reports lacked comprehensive evaluations and conflicted with the more detailed reports of Dr. Bremer. *See Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir.1996).

Contrary to claimant's contention, the ALJ was not required to call a medical examiner because the record was adequate for the ALJ to make a determination regarding claimant's mental impairment. *See Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir.1996). Further, the hypothetical the ALJ posed to the vocational expert was proper because it was supported by the medical evidence. *See Magallanes v. Bowen,* 881 F.2d 747, 756–57 (9th Cir.1989) (explaining that the ALJ is free to accept or reject restrictions posited by claimants counsel not supported by the record).

The ALJ properly relied on the vocational expert's testimony regarding specific jobs available even though the vocational expert varied from the job title descriptions in the Dictionary of Occupational Titles. *See Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir.1995).

The reports of Dr. Clifford and Dr. Bremer provide substantial evidence in support of the ALJ's determination that claimant is capable of performing work as a janitor, housekeeper, or assembly worker. *See Razey v. Heckler,* 785 F.2d 1426, 1430 (9th Cir.1986).

**AFFIRMED.**

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.